# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY, ) | |
| ) | |
| Petitioner, ) | Case No. CV05-413-C-LMB |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| MR. KEVIN KEMPF, Warden, Idaho ) | |
| Dept. of Corrections - Orofino, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. Also pending is Petitioner's Motion to Amend Original Petition for Writ of Habeas Corpus, in addition to Petitioner's other preliminary motions to clarify, correct, and object to the record. The parties have consented to a United States Magistrate Judge entering all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Docket No. 16.) The Court finds that decisional process would not be aided by oral argument, and it shall resolve these matters on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d).

After considering the parties' arguments, the Court enters the following Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER - 1**

I.

BACKGROUND

Petitioner was convicted of first degree murder, aggravated battery, and aggravated assault on December 16, 1997. (State's Lodging A-3, pp. 545-47.) After an aggravation and mitigation hearing, the trial court sentenced Petitioner to life in prison without the possibility of parole for murder, thirty years determinate for aggravated battery, and twenty years determinate for aggravated assault. (State's Lodging A-24, pp. 15-17.) These sentences are being served concurrently.

Petitioner filed a timely notice of appeal, but the court reporter failed to complete the trial transcripts for over four years, and the case sat idle in the appellate courts during that time. (State's Lodging B-3.) Petitioner eventually filed a motion to dismiss in the Idaho Supreme Court based on an unreasonable delay in processing his appeal, which was denied. (State's Lodging B-6.)

In his appellate briefing, Petitioner argued that (1) the trial court's reasonable doubt instruction lowered the State's burden of proof; (2) Petitioner's Sixth and Fourteenth Amendment rights were violated due to a conflict of interest when one of his appointed attorneys went to work for the county prosecutor's office; (3) Petitioner's statements to police officers were involuntary and should have been excluded, even for impeachment purposes; (4) the trial court erred in admitting of prior bad acts evidence; and (5) the delay in processing the direct appeal denied Petitioner's right to due process of law under the Fourteenth Amendment. (State's Lodging B-7.)

**MEMORANDUM DECISION AND ORDER - 2**

On September 8, 2003, the judgment was affirmed by the Idaho Court of Appeals in a written decision, and the Idaho Supreme Court denied review on January 27, 2004. (State's Lodgings B-11 and B-15.)

Ten months later, Petitioner filed his first petition for post-conviction relief, which he subsequently amended, raising the same issues that he had presented on direct appeal in addition to claims of ineffective assistance of counsel. (State's Lodgings C-2, C-8.) The district court summarily dismissed the post-conviction action and thereafter declined to grant Petitioner's request for the appointment of counsel on appeal or to proceed in forma pauperis, concluding that an appellate proceeding would be frivolous. (State's Lodging C-13, p. 1.) The Idaho Supreme Court issued an order conditionally dismissing the appeal based on Petitioner's failure to pay the fee for the preparation of the clerk's record. (State's Lodging D-2.) Because Petitioner did not pay the fee within the prescribed time period, the appeal was dismissed on August 4, 2005. (State's Lodging D-3.)

Petitioner initiated the present federal habeas action on October 6, 2005. (Docket No. 3.) This Court has liberally construed the original Petition as reasserting direct appeal issues 2 through 5 (but excluding issue 1) in addition to raising ineffective assistance of counsel claims based on (a) counsel's alleged failure to meet with Petitioner or to discuss the evidence sufficiently with him, and (b) counsel's failure to subpoena witnesses to testify on his behalf. Petitioner also presented entirely new claims. (Docket No. 3, Attachments A, B, and C.)

**MEMORANDUM DECISION AND ORDER - 3**

This Court stayed the federal matter in January 2006 after Petitioner indicated that he had a second post-conviction action then pending in state court. (Docket No. 10.) In fact, Petitioner waited for nearly another year to submit a second post-conviction petition. The state court quickly dismissed the new petition as successive and untimely under Idaho Code § 19-4902. (State's Lodging C-15.) The state court refused to allow Petitioner to waive the necessary fees to appeal, finding that the appeal would again be frivolous. The Idaho Supreme Court dismissed the appeal on August 28, 2007, based on Petitioner's failure to pay the fees. (State's Lodging D-10.)

On October 15, 2007, Petitioner submitted an Amended Petition for Writ of Habeas Corpus in this Court. (Docket No. 15.) In his Amended Petition, Petitioner has listed eight broad constitutional "claims," each with dozens of claims and sub-claims. He now reasserts all five direct appeal issues and the claims of ineffective assistance of counsel that were raised in the original Petition, but he has also included new allegations of ineffective assistance of counsel, prosecutorial misconduct, police misconduct, judicial misconduct, cruel and unusual punishment, and due process violations during the state post-conviction proceedings. (Docket No. 15, pp. 10-77.)

The Court lifted the stay of the federal case and ordered Respondent to submit a response. Respondent has since filed a Motion for Partial Summary Dismissal, arguing that all claims in the Amended Petition except the four direct appeal issues and the two claims of ineffective assistance of counsel that were raised in the original Petition are either untimely, procedurally defaulted, or both. (Docket No. 21.) After Respondent

**MEMORANDUM DECISION AND ORDER - 4**

filed his Motion, Petitioner has requested to amend his Petition yet again.  (Docket No. 29.)

The Court has reviewed these matters carefully and is now prepared to issue its decision.[1]

## II.

## PRELIMINARY MOTIONS

Before addressing the dispositive issues, the Court will take up Petitioner's three motions to "correct," "clarify," and "object" to the record.  (Docket Nos. 31, 32, and 36.)  The precise purpose of these motions is not entirely clear, but Petitioner seems to object to what appear to be minor points in the Court's or Respondent's recitation of the procedural history of his case, Respondent's choice to number the Amended Petition and its attachments for ease of reference, and Respondent's failure to bring certain specified and unspecified documents to the Court's attention.

Petitioner's motions will be granted only to the extent that Petitioner seeks to clarify certain non-material aspects of the procedural history of his case or wishes to bring particular state court filings to the Court's attention.  Nearly all of the state court documents to which Petitioner refers are already in the state court record that Respondent lodged with this Court, but the Court will enlarge the record to include correspondence

---

[1] Because the Court concludes that the newly proffered claims are untimely for the same reason as the majority of the claims in the Amended Petition, it will discuss Petitioner's Motion to Amend within the summary dismissal analysis.

**MEMORANDUM DECISION AND ORDER - 5**

that Petitioner has attached to his June 13, 2008 Motion to Clarify and his August 29, 2008 Reply.  (Docket No. 31, Attachments A and B; Docket No. 44, Attachments I and J.)  However, Petitioner has provided no argument or evidence showing that the state court record is otherwise incorrect or incomplete in a *material* way.

### III.

### PARTIAL SUMMARY DISMISSAL

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.

When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id.*   Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.

**MEMORANDUM DECISION AND ORDER - 6**

### 1. Statute of Limitations

#### (a) Standard of Law

Petitioner filed his initial Petition on October 6, 2005, and this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).

To further the interests of comity, federalism, and finality, Congress included a one-year statute of limitations when it enacted AEDPA. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common event is the date upon which the judgment became final in state court, either after the direct appeal has concluded or after the time for seeking an appeal expired. 28 U.S.C. § 2244(d)(1)(A). Additional statutory subsections provide for a later starting date when any of the following situations are present: (1) the state has created an impediment to filing a federal petition; (2) the United States Supreme Court has determined that a new constitutional right shall be retroactive; or (3) the petitioner has discovered new evidence that could not have been obtained previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(d)(1)(B),(C),(D).

AEDPA's one-year period will be tolled for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A post-conviction petition that is ultimately dismissed as untimely under state law, however, is

**MEMORANDUM DECISION AND ORDER - 7**

not a "properly filed" one for purposes of § 2244(d)(2), and none of that time that it was pending will toll the federal limitations period. *Pace v. DeGuglielmo*, 544 U.S. 408, 417 (2005).

The limitations period may also be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418.

All claims in an amended habeas petition must also comply with the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Relation back to the filing date of the initial pleading is permissible only when the new claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id*. at 659 (applying Fed. R. Civ. P. 15(c)). In the habeas context, a new claim will be considered timely under the relation back doctrine when the "original and amended petitions state claims that are tied to a common core of operative facts. " *Id.* at 664.

   (b) <u>Discussion</u>

Petitioner's state court judgment became final on April 26, 2004, when the time for filing a petition for a writ of certiorari on direct appeal expired in the United States Supreme Court. In accordance with 28 U.S.C. § 2244(d)(1)(A), AEDPA's limitations period ran unabated until Petitioner filed his first application for post-conviction relief in

**MEMORANDUM DECISION AND ORDER - 8**

state court on November 18, 2004. The period was then tolled under § 2244(d)(2) until the Idaho Supreme Court issued its Remittitur on August 26, 2005.

Therefore, when Petitioner signed and mailed his federal habeas Petition on September 2, 2005, a total of 213 days had already expired. All claims in the original Petition are timely, which includes four of the five issues raised on direct appeal and the two ineffective assistance of counsel issues previously mentioned.[2]

This Court stayed the federal case on January 30, 2006, so that Petitioner could pursue unexhausted claims in a second application for post-conviction relief. At that time, however, Petitioner did not have an actual petition pending in state court, and he waited until January 2007 to file a new one. As a result, with nothing pending in state court, the federal limitations period continued to run. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding that the pendency of a *federal* habeas petition does not toll the limitations period under § 2244(d)(2)). Absent equitable tolling, then, the statute of limitations expired on February 1, 2006.

Petitioner submitted his Amended Petition in October 2007, well after the expiration of the limitations period, and it was not until May 2008 that he proffered new claims in his Motion to Amend. None of the new claims in the Amended Petition or in the Motion to Amend relate back to the original Petition because they do not share a

---

[2] Petitioner did not raise the fifth issue that was presented on direct appeal–an allegedly defective reasonable doubt instruction–until his Amended Petition. As will be seen, that claim is untimely.

**MEMORANDUM DECISION AND ORDER - 9**

"common core of operative facts" with claims raised in that filing.  To the contrary, the new claims are comprised of broad assertions of prosecutorial and judicial misconduct, new factual allegations of ineffective assistance of counsel, supposed due process violations during the post-conviction proceedings, and violations of the trial court's pretrial cut-off date for disclosure of evidence and witnesses (Motion to Amend).

Petitioner has not shown any extraordinary circumstances that would justify tolling the limitations period for equitable reasons, and the Court has reviewed the record and found none.  Accordingly, all new claims in the Amended Petition will be dismissed as untimely.  Likewise, because amending the Petition yet again to include time-barred claims would be futile, Petitioner's Motion to Amend Original Petition will be denied. FED. R. CIVIL P. 15(a); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (holding that a court may deny a proposed amendment in a habeas proceeding on the grounds of futility).

    **2.**    **Exhaustion and Procedural Default**

        (a)    <u>Standard of Law</u>

In addition to complying with AEDPA' statute of limitations, a habeas petitioner must also exhaust his state court remedies before a federal court can reach the merits of a claim on habeas review.  28 U.S.C. § 2254(b)(1)(A).  To satisfy the exhaustion requirement properly, any claim asserted in the federal petition must have been "fairly presented" to the highest state court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Fair presentation of a claim generally requires that the highest state court have

**MEMORANDUM DECISION AND ORDER - 10**

had an opportunity to consider the alleged constitutional defect on the merits and to correct it before a federal court intervenes. *Picard v. Conner*, 404 U.S. 270, 276 (1971).

When a petitioner has not fairly presented a constitutional claim to the state courts, and it is clear that any attempt to do so now would be barred by a state procedural rule that is independent of federal law and adequate to support the state court's judgment, the claim is considered to be exhausted but procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal claim is also defaulted when the petitioner actually attempted to raise it, but the state courts denied or dismissed the claim pursuant to an independent and adequate state rule. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedurally defaulted claim must be dismissed in a federal habeas proceeding, unless the petitioner can establish valid cause for the default and actual prejudice flowing from the constitutional error, or he can show that a fundamental miscarriage of justice has occurred. *Id.* at 750.

    (b)  Discussion

Aside from the five claims that are not subject to Respondent's Motion for Partial Summary Dismissal, none of Petitioner's other claims in his timely original Petition that were reiterated in the Amended Petition were fairly presented to the Idaho Supreme Court. Because it is too late to return to state court and exhaust these claims properly, they are now procedurally defaulted. *See* Idaho Code § 19-4902.

Petitioner argues that the dismissal of the appeals from his first and second post-conviction actions for his failure to pay the appropriate fees were matters outside of his

**MEMORANDUM DECISION AND ORDER - 11**

control that prevented him from fairly presenting all of his claims to the Idaho Supreme Court. He seems to suggest that this was the "cause" for his failure to raise all of his habeas claims in the Idaho Supreme Court.

The Court is not persuaded by this argument. Whatever could be said about the Idaho Supreme Court's dismissal for failure to pay the appropriate fees, Petitioner did not press the *same* claims that are defaulted in this proceeding clearly in his first post-conviction action (State's Lodging C-8, C-10), and his second petition, which was even less precise, was dismissed as successive and untimely (State's Lodging C-19). Therefore, Petitioner has not indicated how he would have presented the defaulted claims on the merits in a procedurally proper manner to the Idaho Supreme Court even if he had been given an opportunity to appeal at that time. To be sure, Petitioner did properly raise claims of ineffective assistance of counsel in the first post-conviction proceeding, but Respondent has not sought dismissal of those claims to the extent that they are based on counsel's alleged lack of communication and failure to subpoena witnesses.

## IV.

## CONCLUSION

Petitioner's motions to clarify, correct, or object to the record are granted only insofar as Petitioner seeks to emphasize the procedural facts of his case or to draw the Court's attention to specific state court filings. Petitioner's Motion to Amend Original Petition shall be denied as futile because the newly proffered claims are untimely.

**MEMORANDUM DECISION AND ORDER - 12**

Respondent's Motion for Partial Summary Dismissal will be granted, and all claims in this matter are dismissed except the following: (1) Petitioner's Sixth and Fourteenth Amendment rights were violated due to a conflict of interest when one of his appointed attorneys went to work for the county prosecutor's office; (2) Petitioner's statements to police officers were involuntary and should have been excluded even for impeachment purposes; (3) the trial court's admission of prior bad acts evidence violated Petitioner's right to a fair trial and due process; (4) the delay in processing the direct appeal denied Petitioner's right to due process of law under the Fourteenth Amendment; and (5) Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel because (a) counsel failed to meet with Petitioner or discuss the evidence with him sufficiently, and (b) counsel did not subpoena witnesses whom Petitioner wanted to testify on his behalf.

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion to Amend Original Petition for Writ of Habeas Corpus (Docket No. 29) is DENIED.

2. Petitioner's Motion to Clarify Record (Docket No. 31), Motion to Correct Initial Review Order (Docket No. 32), and Motion to Clarify and Objection to the Record (Docket No. 36) are GRANTED to the limited extent that Petitioner seeks to clarify the procedural history of his case or bring

**MEMORANDUM DECISION AND ORDER - 13**

particular state court filings to the Court's attention.  These motions are DENIED in all other respects.

3. Respondent's Motion for Partial Summary Dismissal (Docket No. 21) is GRANTED, as set forth herein.

4. Within 60 days of the date of this Order, Respondent shall file an answer to the non-dismissed habeas claims.  If Respondent intends to file a motion for summary judgment, he shall do so simultaneously with his answer.  Petitioner shall file a response to a motion for summary judgment within 30 days of receiving the motion.  Respondent's reply, if any, is due within 14 days of receiving a response.

DATED:  **September 9, 2008**.



Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**