IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY, ) | |
| ) | |
| Petitioner, ) | Case No. CV 05-413-C-LMB |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| KEVIN KEMPF, Warden, Idaho ) | |
| Dept. of Corrections - Orofino, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The following motions are currently pending before the Court in this habeas corpus matter: (1) Petitioner's Motion for Leave to File an Amended Petition for Writ of Habeas Corpus and to Stay Proceedings (Docket No. 54); (2) Petitioner's Motion for Leave to File a Motion for Discovery (Docket No. 47); and (3) Petitioner's Motion for Discovery (Docket No. 48). The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Docket No. 18.)

The Court finds that decisional process would not be aided by oral argument, and it shall resolve these matters on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.1(d). For the reasons set forth below, the pending motions shall be denied.

**I.**

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

After a jury trial in state district court, Petitioner was convicted of first-degree murder, aggravated battery, and aggravated assault. (State's Lodging A-3, pp. 545-47.) The Idaho Court of Appeals recited the pertinent facts as follows:

> According to the State's evidence at trial, [Petitioner] went to the home of his former girlfriend, Susan Foutz, and shot her three times with a rifle as she was sitting in the driver's seat of her car in front of her house. Charles Babb, who was sitting in the passenger's seat, was also injured by one of the bullets. [Petitioner] then entered Foutz's house by shooting the lock off the door. He chased Foutz's roommate out of the house, threatening to shoot her as she ran. Thereafter, [Petitioner] shot himself in the chest [but survived].

(State's Lodging B-11, p. 2.)

The State sought the death penalty for Foutz's murder, but the district court sentenced Petitioner to life in prison without the possibility of parole, in addition to concurrent terms of thirty years fixed for aggravated battery and twenty years fixed for aggravated assault. (State's Lodging A-24, pp. 15-17.) The judgment of conviction was affirmed by the Idaho Court of Appeals, and the Idaho Supreme Court declined to review the case on January 27, 2004. (State's Lodgings B-11 and B-15.)

Ten months later, Petitioner filed his first petition for post-conviction relief in state court. (State's Lodgings C-2, C-8.) The district court summarily dismissed that action and denied Petitioner's request to proceed in forma pauperis on appeal. (State's Lodging C-13, p. 1.) After Petitioner failed to pay the appropriate fees, the Idaho Supreme Court dismissed the appeal. (State's Lodging D-3.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner initiated the present habeas corpus action on September 2, 2005. (Docket No. 3.) This Court stayed the case after Petitioner indicated that he had another post-conviction action then pending in state court. (Docket No. 10.) In fact, Petitioner waited nearly another year to submit a second post-conviction petition, which the state court quickly dismissed as successive and untimely. (State's Lodging C-15.) The Idaho Supreme Court later dismissed the appeal when Petitioner again did not pay the appropriate fees. (State's Lodging D-10.)

On October 15, 2007, Petitioner returned to federal court and submitted an Amended Petition for Writ of Habeas Corpus. (Docket No. 15.) In his Amended Petition, Petitioner listed eight broad constitutional categories or "claims," each with dozens of claims and sub-claims. Respondent filed a Motion for Partial Summary Dismissal, arguing that most of these claims were untimely or had not been raised in the Idaho Supreme Court and were now procedurally defaulted. (Docket No. 21.) After Respondent filed his Motion, Petitioner requested leave to amend his Petition a third time to include yet more claims. (Docket No. 29.)

On September 9, 2008, the Court granted Respondent's Motion for Partial Summary Dismissal, denied Petitioner's Motion to Amend Original Petition, and dismissed all claims except the following: (1) Petitioner's Sixth and Fourteenth Amendment rights were violated due to a conflict of interest when one of his appointed attorneys went to work for the county prosecutor's office; (2) Petitioner's statements to police officers were involuntary and should have been excluded even for impeachment

**MEMORANDUM DECISION AND ORDER - 3**

purposes; (3) the trial court's admission of prior bad acts evidence violated Petitioner's right to a fair trial and due process; (4) the delay in processing the direct appeal denied Petitioner's right to due process of law under the Fourteenth Amendment; and (5) Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel because (a) counsel failed to meet with Petitioner or discuss the evidence with him sufficiently, and (b) counsel did not subpoena witnesses whom Petitioner wanted to testify on his behalf.  (Docket No. 46, p. 13.)

The Court thereafter ordered Respondent to submit an answer to the non-dismissed claims together with a motion for summary judgment.  (Docket No. 46, p. 14.)  Before Respondent could do so, however, Petitioner filed motions for leave to amend, to conduct discovery, and to stay the habeas case.

The parties have fully briefed the pending motions, and the Court is now prepared to issue its decision.

## II.

## MOTION FOR LEAVE TO AMEND

The Court previously denied Petitioner leave to amend his Petition after concluding that his proposed amendments were untimely or otherwise procedurally barred.  (Docket No. 46, p. 13.)  In support of his most recent request, Petitioner alleges that he "has discovered additional issues that deserve review by the Court including a claim of actual innocence."  (Docket No. 54, p. 1.)  He also alleges unspecified "government misconduct" and a "conspiracy."  (*Id*. at 2.)

**MEMORANDUM DECISION AND ORDER - 4**

Respondent argues that the request to amend yet again should be denied because the most recent claims are non-cognizable, procedurally defaulted, and untimely. The Court agrees that the proposed amendment would be futile, and the Motion shall be denied.

### A. Standard of Law

The Federal Rules of Civil Procedure apply to habeas corpus proceedings to the extent that they are not inconsistent with established habeas practice and procedure. *See* Habeas Rule 11. By statute, an application for habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

Federal Rule of Civil Procedure 15 governs the amendment of civil pleadings. Because Petitioner has already amended his Petition, he may amend it again by leave of court, which shall be given freely "when justice so requires." FED. R. CIV. P. 15(a). A court retains the discretion to deny leave in a habeas case after considering factors such as a party's bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). These factors need not be given equal weight, and futility of the amendment alone may justify the denial of the request. *Id*.

### B. Discussion

It appears that Petitioner primarily wishes to raise a new claim that he is actually innocent of the crimes for which he was convicted because he was allegedly acting in self-defense when he killed Ms. Foutz and shot Mr. Babb. He contends that his trial

**MEMORANDUM DECISION AND ORDER - 5**

counsel did not inform him that self-defense was a valid defense under Idaho law, and that he only recently discovered the statutes that govern the defense. He further contends that he has "maintained from the beginning that the alleged victim in this case fired upon him first and that he was merely trying to save his own life " (Docket No. 59, p. 2), and that, with the benefit of discovery, he can show that investigators concealed evidence supporting such a theory. (*Id.*)

Respondent counters that Petitioner's alleged innocence would not provide a basis for habeas relief, and any amendment to include such a non-cognizable claim is futile. Respondent is correct that the United States Supreme Court has not yet held that a claim of actual innocence can serve as an independent or freestanding basis for relief in a habeas corpus case. *See Hererra v. Collins*, 506 U.S. 390 (1992) (noting that the standard of proof for such a claim, even in a capital case, would be "extraordinarily high"). The Supreme Court has instead held that a truly persuasive showing of innocence only allows a federal court to disregard an otherwise valid procedural bar and to hear *other* defaulted constitutional claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (announcing the rule); *see also House v. Bell*, 547 U.S. 518, 538-39 (2006) (reaffirming *Schlup* but specifically declining to address whether a freestanding innocence claim is also cognizable). The Ninth Circuit Court of Appeals has assumed, however, that a habeas petitioner's factual innocence would provide a basis for relief, at least in a capital case. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

Even if Petitioner's proffered claim of innocence could provide a basis for habeas

**MEMORANDUM DECISION AND ORDER - 6**

relief, the Court nevertheless concludes that both that claim and Petitioner's undefined allegation of governmental misconduct are procedurally defaulted in this proceeding. Before raising a claim in federal court, a habeas petitioner must have properly exhausted his state court remedies by raising the same federal claim in the highest state court in a procedurally proper manner under state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Petitioner has not presented his proposed claims in the Idaho state courts in a procedurally proper manner, and any attempt to do so now would now be dismissed as untimely. *See* Idaho Code § 19-4902 (a) (petition for post-conviction relief must be filed within one year of direct appeal). When it is too late to return to state court to raise a claim, it is considered to be procedurally defaulted. *See, e.g., Gray v. Netherland*, 518 U.S. 152, 161 (1996). Therefore, it would be futile for the Court to allow an amendment that must be dismissed as procedurally barred.

      Alternatively, the Court finds that Petitioner's proposed claims are without any factual or evidentiary support and are plainly lacking in merit. The burden for proving a claim of actual innocence is very high; assuming that such a claim could provide a freestanding basis for relief, Petitioner would be required to "go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger*, 132 F.3d at 476. But even if he seeks only to open the procedural gateway to other defaulted claims under *Schlup*, he must come forward with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial" in order to establish that "it is

**MEMORANDUM DECISION AND ORDER - 7**

more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. Petitioner has not alleges facts or produced evidence that might potentially meet these standards. Rather that point to any new and reliable scientific, physical, or testimonial evidence that clearly supports a self-defense theory, Petitioner relies largely on his own unsupported and conclusory *statements* made many years after the events took place.

     In addition, Petitioner's statements on this subject have not been as consistent as he claims, and the record squarely contradicts his assertion that he has "maintained from the beginning that the alleged victim in this case fired upon him first and that he was merely trying to save his own life." (Docket No. 59, p. 2.) Setting aside the incriminating statements that he made to law enforcement officers, which the trial court ultimately determined could not be presented in the State's case-in-chief because they were taken in the absence of a waiver of the right to counsel, Petitioner gave an offer of proof to the trial court of what his testimony would have been had he chosen to testify. The theme of the proposed testimony was that Ms. Foutz was accidently killed, or was perhaps shot intentionally by Mr. Babb, when Mr. Babb unexpectedly grabbed the rifle that Petitioner was holding loosely in his hand. (State's Lodging A-19, pp. 576-80.) Petitioner did not claim at that time that he was fired upon and returned fire only to preserve his own life, as he now claims. For these reasons, Petitioner has failed to offer a sufficient evidentiary showing from which the Court could conclude that it is more likely than not that no reasonable juror would now find him guilty based on a theory of self-

**MEMORANDUM DECISION AND ORDER - 8**


defense, or that he could affirmatively prove that he was acting in self-defense. Petitioner's vague claim of a government cover-up is likewise without any support in the record. As discussed in the next section, the Court also finds that discovery would not assist him in fleshing out potentially meritorious claims.

Based on the futility of the proposed amendments, Petitioner's request for leave to amend his Petition shall be denied. Petitioner's associated request to stay the habeas case while he prepares an amended petition shall likewise be denied.

## III.

## MOTION FOR DISCOVERY[1]

Petitioner seeks the Court's permission to engage in wide-ranging discovery from the files of various governmental agencies. In particular, he seeks the production of crime scene "field notes" from the Kootenai County Sheriff's Department, "'258 digital photographs pertaining to the case," two versions of a crime scene video, and audio tapes recorded during the autopsy of the victim. (Docket No. 48, p. 2.) He contends that access to these items would assist him in proving that the State failed to disclose exculpatory evidence, as required under *Brady v. Maryland*, 373 U.S. 83 (1963), and would show that investigatory agencies and individuals engaged in a conspiracy to implicate him. Respondent objects to the request.

A.    **Standard of Law**

---

[1] Insofar as Petitioner's "Motion for Leave to File a Motion for Discovery" requests, as relief, the Court's permission to file the Motion for Discovery, it shall be granted.

**MEMORANDUM DECISION AND ORDER - 9**

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Rule 6 of the Rules Governing Section 2254 Cases allows petitioners to conduct discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Id.*

Good cause for discovery exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[2] *See Bracy*, 520 U.S. at 908-09 (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)). A federal habeas petitioner's request for discovery must be supported by specific factual allegations, and discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence." *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999); *see also Abut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.     Discussion**

Petitioner asserts that the investigators' field notes, photographs, videotape of the crime scene, and an audiotape recorded during the autopsy, among other items, contain exculpatory value. He also contends that access to this evidence would expose a conspiracy by law enforcement officials to withhold and manufacture evidence against him, presumably to negate a claim of self-defense or a similarly favorable defense.

---

[2] Respondent does not argue that the restrictions on new evidentiary development in 28 U.S.C. § 2254(e)(2) circumscribe Petitioner's request for discovery. In any event, because Petitioner cannot show that he is entitled to discovery under the more lenient good cause standard, the Court need not address that issue.

**MEMORANDUM DECISION AND ORDER - 10**

As with his request to amend his Petition, Petitioner does not elaborate beyond making conclusory statements that the police staged the crime scene and manipulated the evidence to support the State's theory. (Docket No. 47, p. 2; Docket No. 56, pp. 2-5.) Aside from his own statements, he points to no evidence–new or old–that would tend to support this view, and the evidence presently in the trial record cuts sharply against his current position of self-defense. Petitioner appears to be fishing for new material of uncertain relevance and probity in order to piece together entirely claims, which will not provide good cause for discovery in this habeas case. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999). Accordingly, Petitioner's Motion shall be denied.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion for Discovery for Leave to File a Motion for Discovery (Docket No. 47) is GRANTED insofar as the Court will consider Petitioner's Motion for Discovery to be properly filed.

2. Petitioner's Motion for Discovery (Docket No. 48) is DENIED.

3. Petitioner's Motion for Leave to File an Amended Petition for Writ of Habeas Corpus (Docket No. 54-1) and Request to Stay Proceedings (Docket No. 54-2) are DENIED.

4. Respondent shall file an answer to the non-dismissed habeas claims no later than sixty days from the date of this Order. If Respondent intends to file a

**MEMORANDUM DECISION AND ORDER - 11**

motion for summary judgment, he shall do so at the same time that he files his answer. Petitioner shall file a response to any motion for summary judgment within 30 days of receiving the motion. Respondent's reply is due within 14 days of receiving a response.



DATED: **June 26, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**