UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY,<br><br>        Petitioner,<br><br>v.<br><br>KEVIN KEMPF, Warden,<br><br>        Respondent. | Case No. 3:05-00413-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Dkt. 68.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 18.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth in this Order, Respondent's Motion for Summary Judgment will be granted and this case will be dismissed.

## BACKGROUND

After a jury trial in state district court, Petitioner was convicted of first-degree murder, aggravated battery, and aggravated assault. (State's Lodging A-3, pp. 545-47.)

**MEMORANDUM DECISION AND ORDER - 1**

The Idaho Court of Appeals recited the pertinent facts supporting these convictions as follows:

> According to the State's evidence at trial, [Petitioner] went to the home of his former girlfriend, Susan Foutz, and shot her three times with a rifle as she was sitting in the driver's seat of her car in front of her house. Charles Babb, who was sitting in the passenger's seat, was also injured by one of the bullets. [Petitioner] then entered Foutz's house by shooting the lock off the door. He chased Foutz's roommate out of the house, threatening to shoot her as she ran. Thereafter, [Petitioner] shot himself in the chest [but survived].

(State's Lodging B-11, p. 2.)

The state district court sentenced Petitioner to life in prison without the possibility of parole for murder, thirty years determinate for aggravated battery, and twenty years determinate for aggravated assault. (State's Lodging A-24, pp. 15-17.) These sentences are being served concurrently.

Petitioner filed a timely notice of appeal, but the court reporter failed to complete the trial transcripts for over four years, and the case sat idle in the appellate courts during that time. (State's Lodging B-3.) Petitioner eventually filed a motion to dismiss in the Idaho Supreme Court based on an unreasonable delay in processing his appeal, which was denied. (State's Lodging B-6.) The district court's judgment was affirmed by the Idaho Court of Appeals, and the Idaho Supreme Court denied Petitioner's Petition for Review. (State's Lodgings B-11 and B-15.)

Petitioner next returned to the state district court with an application for post-conviction relief, claiming, among other things, that he was deprived of his right to the

**MEMORANDUM DECISION AND ORDER - 2**

effective assistance of counsel. (State's Lodgings C-2, C-8.) The district court summarily dismissed the post-conviction action and thereafter declined to grant Petitioner's request for the appointment of counsel on appeal or to proceed in forma pauperis, concluding that an appellate proceeding would be frivolous. (State's Lodging C-13, p. 1.) The Idaho Supreme Court later dismissed the appeal based on Petitioner's failure to pay the fee for the preparation of the clerk's record. (State's Lodgings D-2, D-3.)

Petitioner initiated the present federal habeas action on October 6, 2005, but the Court stayed the federal matter after Petitioner indicated that he had a second post-conviction action then pending in state court. (Dkt. 10.) In fact, Petitioner waited for nearly another year to submit a second post-conviction petition, which the state court quickly dismissed as successive and untimely. (State's Lodging C-15.) The state court again refused to allow Petitioner to waive the necessary fees to appeal, and the Idaho Supreme Court dismissed the appeal based on Petitioner's failure to pay the necessary fees. (State's Lodging D-10.)

On October 15, 2007, Petitioner submitted an Amended Petition for Writ of Habeas Corpus. (Dkt. 15.) The Court lifted the stay of the federal case, and Respondent filed a Motion for Partial Summary Dismissal. (Dkt. 21.) The Court granted Respondent's Motion, and all claims in the Amended Petition were dismissed as either procedurally defaulted or untimely, except the following claims: (1) Petitioner's Sixth and Fourteenth Amendment rights were violated due to a conflict of interest when one of his appointed attorneys went to work for the county prosecutor's office; (2) Petitioner's statements to

**MEMORANDUM DECISION AND ORDER - 3**

police officers were involuntary and should have been excluded even for impeachment purposes; (3) the trial court's admission of prior bad acts evidence violated Petitioner's right to a fair trial and due process; (4) the delay in processing the direct appeal denied Petitioner's right to due process of law under the Fourteenth Amendment; and (5) Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel because (a) counsel failed to meet with Petitioner or discuss the evidence with him sufficiently, and (b) counsel did not subpoena witnesses whom Petitioner wanted to testify on his behalf. (Dkt. 46, p. 13.)

Currently pending is Respondent's Motion for Summary Judgment, in which Respondent argues that he is entitled to judgment as a matter of law because certain remaining claims are procedurally barred and because all claims fail on the merits. (Dkt. 68.) Petitioner has responded to the Motion, and the issues are now ready for adjudication.

## LEGAL STANDARDS

### 1. Exhaustion and Procedural Default

A habeas petitioner must have exhausted his state court remedies with respect to all of his constitutional claims before the federal court can grant relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is designed to promote comity and federalism by giving the state courts an initial opportunity to correct constitutional errors before a state prisoner turns to the federal courts for relief. *Duncan v. Walker*, 513 U.S. 364, 365 (1995). State court remedies are exhausted when no avenues

**MEMORANDUM DECISION AND ORDER - 4**

for relief remain open to the petitioner, but the federal court must also ask whether the petitioner satisfied the exhaustion requirement *properly*. *Boerckel*, 526 U.S. at 848. To do so, he must have "fairly presented" his federal claims at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

When a petitioner attempted to raise a constitutional claim in state court, but the state court denied or dismissed the claim after invoking a ground that is independent of federal law and adequate to support the judgment, the claim is considered to be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedural default also occurs when the petitioner never raised the claim in the highest state court and it is now clear that the state court would dismiss any new action on a procedural basis. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal court cannot hear a defaulted claim absent a showing of legal cause for the default and actual prejudice to the petitioner, or a compelling showing that the petitioner is probably innocent of the crime. *Coleman*, 501 U.S. at 722, 750.

### 2. Claims Proceeding on the Merits

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). For any claim that is not procedurally barred, AEDPA requires the federal court to defer to reasonable state court adjudications on the merits. Therefore, an application for writ of habeas corpus will not be granted unless the state court's adjudication of a claim either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

For a decision to be "contrary to" federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000). To satisfy the "unreasonable application" clause of § 2254(d)(1), the state court must have been "unreasonable in applying the governing legal principle to the facts of the case." *Id.* at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

To be eligible for relief under § 2254(d)(2) the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id.*

With these principles in mind, the Court now turns to the claims in this case.

## ANALYSIS

**MEMORANDUM DECISION AND ORDER - 6**

### 1. Conflict of Interest – Claim 9(1)

In this claim, Petitioner contends that the "[trial] court err[ed] by not disqualifying prosecutor's office" after one of his appointed public defenders went to work for the prosecuting attorney's office before the trial. (Dkt. 15-1, p. 45.) This Court has liberally construed Petitioner's claim as one alleging a violation of his Sixth and Fourteenth Amendment rights based on a purported conflict of interest. (Dkt. 46, p. 13.) Respondent now contends that while Petitioner raised a conflict claim during his direct appeal, he relied entirely on state law and state ethical rules. For that reason, according to Respondent, the claim was not fairly presented to the Idaho Supreme Court as a *federal* claim, and, because it is too late to do so now, it must be dismissed as procedurally defaulted.

This Court has reviewed Petitioner's briefing before the Idaho Court of Appeals and the Supreme Court of Idaho and concludes that Petitioner's argument of a "conflict" with the prosecuting attorney's office was framed entirely as a state law claim, and the Idaho courts treated it as such. (State's Lodgings B-7, pp. 25-29; B-11, pp. 5-7; B-13, pp. 68-75.) Petitioner neither cited the United States Constitution nor relied on cases that clearly presented the issue as one arising under the Constitution. Proper exhaustion requires that the federal nature of a claim be presented squarely so that the state courts have an opportunity to pass on the issue before a federal court intervenes. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner did not give the state appellate courts that opportunity. As a result, the claim is procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 7**

In his Response, Petitioner primarily repeats the merits of the claim rather than showing cause and prejudice to excuse the default. The Court has independently reviewed the record and has found no valid cause that would allow it to reach the merits. Accordingly, this claim will be dismissed.

2.  **Admissibility of Incriminating Statements – Claim 9(2)**

Petitioner next contends that his statements to law enforcement officers were involuntary because he was hospitalized and heavily medicated at the time they were made, and that the state courts erred in concluding that the statements were admissible for impeachment purposes. Respondent counters that Petitioner cannot establish that the Idaho Court of Appeals' adjudication of this claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. The Court agrees.

The state trial court found that although Petitioner's Sixth Amendment right to counsel had been violated during a series of interrogations because law enforcement officers questioned him in the absence of counsel, his statements were otherwise voluntary. Thus, the court ruled that while the statements were not admissible during the State's case in chief, they could be offered to impeach Petitioner if he chose to testify. Petitioner asserts that he did not testify, in part, because of the threat of this impeachment.

The Idaho Court of Appeals upheld the trial court's decision. Citing *Harris v. New York*, 401 U.S. 222, 224 (1971), *Harvey v. Michigan*, 494 U.S. 344 (1990), and *Mincey v. Arizona*, 437 U.S. 385, 398 (1978), the Court of Appeals noted that statements taken in

**MEMORANDUM DECISION AND ORDER - 8**

violation of the Sixth Amendment right to counsel–though inadmissible as substantive evidence of guilt–may still be used to impeach a defendant's false or inconsistent testimony if the statements are voluntary. (State's Lodging B-11, p. 4.) The Court of Appeals then looked to the totality of the circumstances in the case before it and concluded that Petitioner's statements were voluntary. (*Id.* at 5.) In reaching that conclusion, it found that while Petitioner "was definitely not feeling his best, the police never used any coercive or overbearing tactics to get him to speak with them." (*Id.*)

The state court's legal conclusion about the use of incriminating statements is a straightforward application of clearly established federal law, and Petitioner has not shown otherwise. 28 U.S.C. § 2254(d)(1). Petitioner has also not established that the state court's decision that his statements were voluntary was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). Although it is no doubt true that Petitioner was experiencing the effects of medication and suffering from his recent self-inflicted gunshot wound when he was interviewed, there is no evidence that law enforcement officers coerced him or placed undue pressured on him to get a confession. Regardless, even if there were some room for debate on the issue, this Court cannot say that the state court's finding was an *unreasonable* one based on the totality of the facts before it. Consequently, Petitioner is not entitled to habeas relief.

### 3. Evidence of Prior Bad Acts – Claim 9(3)

Petitioner claims that the trial court's decision to admit evidence that he had been

**MEMORANDUM DECISION AND ORDER - 9**

arrested for trespassing on the victim's property three days before the murder violated his right to a fair trial. Respondent contends that, like the conflict of interest claim, Petitioner did not rely on the Constitution to support that argument in state court.

The Court has reviewed the state court record and concludes that while Petitioner argued that the trial court erred under Idaho Rule of Evidence 404(b), he did not cite any constitutional provisions or case law that clearly framed a constitutional issue. (State Lodgings B-7, pp. 38-45; B-13, pp. 58-67.) The Idaho Court of Appeals did not analyze the claim as a federal one. (State's Lodging B-11, p. 7-8.) Because it is now too late for Petitioner to return to state court and framed this as a federal claim, the claim is procedurally defaulted in his habeas matter.

In his Response, Petitioner again reiterates the merits of the claim without addressing whether cause and prejudice excuses his failure to raise the claim at the correct time in state court and in the correct manner. This Court finds no cause and prejudice, and the claim will be dismissed.

### 4. Delay in the Direct Appeal – Claim 9(4)

In this claim, Petitioner contends that the delay by the court reporter in preparing a transcript of the trial, thereby holding up the direct appeal for over four years, violated his right to due process of law under the Fourteenth Amendment. Respondent first argues that Petitioner is impermissibly seeking relief by retroactively applying a new rule of constitutional law to his case on collateral review, contrary to *Teague v. Lane*, 489 U.S.

**MEMORANDUM DECISION AND ORDER - 10**

288 (1989). Respondent alternatively argues that Petitioner is unable to establish that he is entitled to relief on the merits under 28 U.S.C. § 2254(d).

In *Teague*, the United States Supreme Court held that, subject to limited exceptions, a federal court may not apply a "new" constitutional rule in a habeas proceeding. 489 U.S. at 310-11. If this defense is raised, a district court must address the issue before moving to the merits. *Beard v. Banks*, 542 U.S. 406, 409 (2004).

A constitutional rule is new for *Teague* purposes if the rule was not dictated by precedent that existed at the time that the petitioner's conviction was final. *Teague*, 489 U.S. at 301. If, however, a petitioner is merely requesting the application of general constitutional principles from precedent that existed at the time to a new set of facts, then *Teague* is not a barrier to review. *See Penry v. Lynaugh*, 492 U.S. 302, 317 (1989), *abrogated on other grounds by Atkins v. Virginia,* 536 U.S. 304 (2002); *see also Wright v. West*, 505 U.S. 277, 308-09 (1992) (Kennedy, J., concurring) (noting that a broad constitutional principle that necessarily requires a case by case examination of the facts generally will not result in the application of a new rule for *Teague* purposes). That is the case here.

The Court is not persuaded by Respondent's argument that granting relief on a due process claim based on extraordinary delay in the processing of a direct appeal would require the application of a new constitutional rule. In 1985, nearly nineteen years before Petitioner's judgment was final, the United States Supreme Court held that when a state

**MEMORANDUM DECISION AND ORDER - 11**

guarantees a criminal defendant the right to appeal, it must do so in accordance with due process of law. *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (establishing the right to the effective assistance of counsel on appeal). The essential elements of due process are notice and an opportunity to be heard in a timely manner, and Petitioner's claim that an appellate judicial proceeding must be processed in accord with those principles does not break any new ground. *See, e.g.*, *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990) (holding that "excessive delay in processing an appeal may rise to the level of a due process violation"); *cf. Torres v. Prunty*, 223 F.3d 1103, 1110 (9th Cir. 2000) (rejecting a *Teague* argument because the district court applied an existing rule to a new set of facts).

Respondent has a much better argument that Petitioner is not entitled to relief on the merits. Because the Supreme Court of Idaho did not provide its reasoning for rejecting this claim (State's Lodging B-6), this Court must review the state court's decision to determine whether it is "objectively unreasonable." *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

Lower courts that have applied due process principles to a claim of unreasonable delay on direct appeal have analogized the claim to a constitutional speedy trial claim, and have examined factors such as the length of the delay, the reason for the delay, defendant's assertion of his right, and prejudice. *E.g., Coe*, 922 F.2d at 531-32 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)); *United States v. Antoine*, 906 F.2d 1379, 1383 (9th Cir. 1990); *Rheuark v. Shaw*, 628 F.2d 297, 302-03 (5th Cir.1980); *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984). The first three of these factors

**MEMORANDUM DECISION AND ORDER - 12**

weigh in Petitioner's favor. The delay was over four years, which is an excessive amount of time in which to compile the record to begin the process of appellate review, and Petitioner had no control over the court reporter's ability to do her job expeditiously. Petitioner also asserted his right persistently in the Idaho Court of Appeals and the Supreme Court of Idaho.

Despite this, "a due process violation cannot be established absent prejudice to the appellant," *see Antoine*, 906 F.2d at 1382, and it is here that Petitioner's claim falls short. He failed to establish in state court that an appellate issue was lost or impaired because of the delay, and, because his convictions were affirmed, he could not demonstrate that an unjustified incarceration was needlessly prolonged while he awaited appellate review or that the delay impacted his ability to defend himself at a retrial. Therefore, given the absence of any showing of prejudice, this Court does not find the Idaho Supreme Court's rejection of the due process claim to be clearly wrong or objectively unreasonable, and relief will be denied. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

### 5. Ineffective Assistance of Counsel – Claims 5(4) and 5(38)-(39)

Petitioner next alleges that he was deprived of his Sixth Amendment right to the effective assistance of counsel at trial because (a) his counsel failed to spend a sufficient amount time discussing the evidence with him before trial and (b) his counsel failed to subpoena a number of witnesses to testify in Petitioner's defense.

Respondent argues that the claims are procedurally defaulted because the Idaho Supreme Court of Idaho dismissed Petitioner's post-conviction appeal on the state law

**MEMORANDUM DECISION AND ORDER - 13**

ground that he had not paid the required appellate fees. This Court harbors some doubt about the consistency with which this particular rule is imposed on indigent prisoners seeking post-conviction appellate relief, but it need not wrestle with that issue to any great extent because the Court finds that these claims plainly fail on the merits. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting that courts might resolve easier matters where complicated procedural default issues exist).

The clearly established federal law that governs ineffective assistance of counsel claims is derived from *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Under *Strickland*, a petitioner must show both that his counsel's representation fell below and objective standard of reasonably competent professional assistance and that the petitioner was prejudiced as a result. *Id*. at 689, 694. To prove prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*.

Because Petitioner's appeal was dismissed, the state district court issued the last reasoned decision on these claims. In finding the claims to lack merit, the state court noted that they were "simply conclusory statements . . . without reference to the necessary facts" that "failed to overcome the strong presumption that counsel's performance was adequate." (State's Lodging C-10, p. 5.) This Court finds nothing unreasonable about the state court's conclusion.

There is no minimum number of attorney client visits dictated by the Sixth

**MEMORANDUM DECISION AND ORDER - 14**

Amendment, and Petitioner's mere dissatisfaction with the amount of time that his counsel spent with him before trial does not establish a constitutional violation. *See*, *e.g.*, *United States v. Olsen*, 846 F.2d 1103, 1108 (7th Cir. 1988) ("[w]e know of no case establishing a minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel . . .") (citation omitted). Petitioner also failed to show that there would be a reasonable probability of a different outcome had his counsel met with him more frequently and discussed the evidence more thoroughly.

In addition, the decision of which witnesses to call at trial, excluding the defendant, implicates counsel's strategic considerations that will not be second-guessed unless the strategy is objectively unreasonable. *Gonzalez v. Knowles*, 515 F.3d 1006, 1015 (9th Cir. 2008). Petitioner has named some of the witnesses he believes that counsel should have subpoenaed, but he has not provided the substance of their anticipated testimonies, let alone shown how the evidence would have potentially made a difference in his trial. As a result, the state court's resolution of these claims was not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. 2254(d).

Based on the foregoing, Respondent's Motion for Summary Judgment will be granted. There being no claims remaining in this action, the Petition for Writ of Habeas Corpus will be dismissed.

**MEMORANDUM DECISION AND ORDER - 15**

# CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court on its own initiative has evaluated this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court does not find that reasonable jurists would debate its determination that several of Petitioner's claims in this matter are procedurally defaulted and must be dismissed on those grounds. (Dkt. 46.) The Court further concludes that the denial of relief on the merits of Petitioner's claims that his incriminating statements were involuntary, that the delay on appeal violated his right to due process, and that he was deprived of the effective assistance of counsel are not reasonably debatable. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in

**MEMORANDUM DECISION AND ORDER - 16**

this Court.

## ORDER

IT IS HEREBY ORDERED:

1. Respondent's Motion for Summary Judgment (Dkt. 68) is GRANTED.

2. The Petition for Writ of Habeas Corpus is DENIED.

3. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **September 24, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge